# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   CHAD EASTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-546-HE |
| | ) | |
| (1)   UNITED STATES FIRE INSURANCE COMPANY; | ) ) | |
| (2)   CRUM & FORSTER INSURANCE GROUP; | ) ) | |
| (3)   CRUM & FORSTER INSURANCE GROUP; | ) ) | |
| (4)   THE REDWOODS GROUP, INC.; | ) | |
| (5)   MARKETERS GENERAL INS, AGENCY, INC.; | ) ) | |
| (6)   CRUM & FORSTER INDEMNITY COMPANY; | ) ) | |
| (7)   FAIRFAX FINANCIAL HOLDINGS, LIMITED; | ) ) | |
| (8)   THE PROGRESSIVE COMPANY; and | ) | |
| (9)   PROGRESSIVE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, United States Fire Insurance Company ("USFIC"), by and through its attorneys, Pierce Couch Hendrickson Baysinger & Green, L.L.P., file this Notice of Removal pursuant to 28 U.S.C. §1441(a); 28 U.S.C. §1332(a); and U.S.C. §1446, *et. seq.*, to remove the above-captioned action to this Court from the District Court of Oklahoma County, Oklahoma. In support of this Notice of Removal, Defendants state as follows:

## PLAIN STATEMENT OF GROUNDS OF REMOVAL

1. This is an action filed on or about May 15, 2020, in the District Court of Oklahoma County, Oklahoma, being assigned cause number CJ-2020-2247. The Petition is attached as Exhibit 1. Plaintiff, Chad Eastman ("Plaintiff" or "Eastman") names as defendants USFIC, as well as a group of other parties he refers to as Crum & Forster Insurance Group, Crum & Forster Insurance Group (again), The Redwoods Group, Inc., Marketers General Ins,[1] Agency, Inc., Crum & Forster Indemnity Company, Fairfax Financial Holdings, Limited, the Progressive Company, and Progressive Insurance Company (collectively, "Other Defendants"). (Ex. 1, Petition.)

2. Plaintiff alleges that he is entitled to uninsured or underinsured motorists benefits under his prior employer's auto insurance policy issued by USFIC. (Ex. 1, p. 1.) A true and correct certified copy of that USFIC policy is attached hereto as Exhibit 2.

3. USFIC now timely removes based on diversity of citizenship as between Oklahoma citizen Eastman and foreign citizen USFIC. Certain of the Other Defendants may be citizens of Oklahoma (it appears that only one is). However, under established law, as more fully set forth below, the citizenship of the Other Defendants should be ignored for purposes of determining diversity, as they have been fraudulently joined.[2]

---

[1] [sic].
[2] The word "fraudulent" in this context is a "term of art" which "does not reflect on the integrity of plaintiff or counsel." *Ferrell v. BGF Glob., LLC*, No. CIV-15-404-D, 2015 WL 6438988, at *2 (W.D. Okla. Oct. 21, 2015) (citation omitted).

## RESERVATION

4. This Notice of Removal is filed subject to and with full reservation of rights by USFIC, including but not limited to all defenses and objections that this Defendant might pursue.

## TIMELINESS

5. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) as it is filed within 30 days of receipt of the initial pleading and summons.

## AMOUNT IN CONTROVERSY

6. The amount in controversy for diversity jurisdiction as set forth in 28 U.S.C. § 1332 is satisfied, as Plaintiff's Petition claims his damages are "in excess of $76,001.00(dollars)." (Ex. 1, p. 1.)

## DIVERSITY OF CITIZENSHIP

7. This Court has diversity jurisdiction over this matter because the citizenship of the plaintiffs and defendants, other than the fraudulently joined Other Defendants, are entirely diverse pursuant to 28 U.S.C. § 1332.

8. Eastman is a natural person who is a resident, domiciliary and citizen of the state of Oklahoma. His citizenship for diversity purposes is thus Oklahoma.

9. USFIC is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New Jersey. Its citizenship for diversity purposes is thus Delaware and New Jersey.

## VENUE

10. The Western District of Oklahoma is the only federal court to which this action is removable under 28 U.S.C. § 1441(a), as the action was pending in the District Court of Oklahoma County, which is within this district.

## COMPLIANCE WITH LCvR 81.2

11. A copy of the state court docket sheet is attached as Ex. 3 in accordance with LCvR 81.2. Beyond the Petition (Ex. 1), there is one additional filing shown on the docket; it is attached hereto as Exhibit 4. However, this document contains a caption and case number from an entirely separate matter that appears to have no connection to either the Plaintiff, USFIC, or counsel for either. It appears simply to have been placed into the docket or coded into the electronic version of the docket maintained by the Oklahoma State Courts Network, in error.

## CONSENT TO REMOVAL

12. The consent of the Other Defendants is unnecessary by law as the Other Defendants have not been "properly joined and served" pursuant to 28 U.S.C.A. § 1446(b)(2)(A), but, rather, have been fraudulently joined. *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). Even if not fraudulently named as parties, the docket sheet suggests no other parties besides USFIC have been served, as no summons besides summons to USFIC has been issued. Only served defendants must join in or consent to a notice of removal. *See First Nat. Bank & Tr. Co. in Great Bend v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991) ("The removal statute requires that all served defendants, except nominal defendants, join in or consent…") To the extent that the consent of any of the

Other Defendants is deemed necessary, Removing Defendants pray for leave to obtain such consent in timely fashion after removal.

## **FRAUDULENT JOINDER OF THE OTHER DEFENDANTS**

13.     One of the Other Defendants is named in the caption of the Petition as "Marketers General Ins, Agency, Inc.," although referred to in the body of the Petition as "Marketers General Insurance, Inc." (Ex. 1, pp. 1-2.) On information and belief, each of these designations are misnomers or scriveners errors, and Plaintiff instead intended to sue Marketers General Insurance Agency, Inc. ("Marketers"). Marketers is the name of the insurance agent for Plaintiff's prior employer. (*See, e.g.*, Ex. 2, Declarations, listing "Agent Name and Address" as "Marketers General Ins. Agcy Inc., 6901 N. Robinson, Suite A, Oklahoma City OK 73116.") Marketers is a corporation organized under the laws of the state of Oklahoma, and has its principal place of business in Oklahoma. For diversity purposes, it is thus a citizen of Oklahoma. If Marketers were properly joined as a defendant, such joinder would destroy diversity. However, as set forth below, Marketers has been fraudulently joined.

14.     One of the Other Defendants is Crum & Forster Indemnity Company. Crum and Forster Indemnity Company is a corporation organized under the laws of the state of Delaware and has its principal place of business in the state of New Jersey. The citizenship of this entity would not destroy diversity. However, as set forth below, Crum & Forster

Indemnity Company has been fraudulently joined so its citizenship is in any event irrelevant.

15. One of the Other Defendants is Crum & Forster Insurance Group, named, for unstated reasons, twice in a row in the caption. In the body of the Petition, "Crum & Forster Insurance Group, Inc." is referenced. On information and belief, there is neither any legal entity with the name Crum & Forster Insurance Group, nor is "Crum & Forster Insurance Group" a registered trade name, "d/b/a," or the like, for a formal legal entity. On information and belief, there is neither any legal entity with the name Crum & Forster Insurance Group, Inc., nor is "Crum & Forster Insurance Group, Inc." a registered trade name, "d/b/a," or the like, for a formal legal entity. Crum & Forster Insurance Group and/or Crum & Forster Insurance Group, Inc. are thus: not a party, or in the alternative not a proper party, or in the alternative a fictional party, or in the alternative a nominal party, or in the alternative each lacks the capacity to be sued, or in the alternative each is otherwise a party or purported party which does not have any citizenship capable of destroying diversity. However, in any event, as set forth below, Crum & Forster Insurance Group (and/or Crum & Forster Insurance Group, Inc.) has/have been fraudulently joined, so its/their citizenship is in any event irrelevant.

16. One of the Other Defendants is the Redwoods Group, Inc. On information and belief, the Redwoods Group, Inc. is a corporation organized under the laws of the state of North Carolina, with its principal place of business in North Carolina. The citizenship of this entity would not destroy diversity. However, as set forth below, the Redwoods Group, Inc. has been fraudulently joined so its citizenship is in any event irrelevant.

17. One of the Other Defendants is Fairfax Financial Holdings, Limited. On information and belief, Fairfax Financial Holdings, Limited is a corporation organized under the laws of the country of Canada, with its principal place of business in the country of Canada. The citizenship of this entity would not destroy diversity. However, as set forth below, Fairfax Financial Holdings, Limited has been fraudulently joined, so its citizenship is in any event irrelevant.

18. One of the Other Defendants is "the Progressive company," or as stated in the body of the Petition "the Progressive Company." On information and belief, there is neither any legal entity with the name the Progressive Company (regardless of capitalization or use of the article "the"), nor is "Progressive Company" or "the Progressive Company" a registered trade name, "d/b/a," or the like, for a formal legal entity. The Progressive Company is thus: not a party, or in the alternative not a proper party, or in the alternative a fictional party, or in the alternative a nominal party, or in the alternative lacks the capacity to be sued, or in the alternative is otherwise a party or purported party which does not have any citizenship capable of destroying diversity. However, as set forth below, the Progressive Company has been fraudulently joined, so its citizenship is in any event irrelevant.

19. One of the Other Defendants is "Progressive Insurance Company." On information and belief, the naming of "Progressive Insurance Company" as a defendant may be because this is the former name of what is now a company named The Progressive

Corporation.³  The Progressive Corporation is a corporation organized under the laws of the state of Ohio with its principal place of business in the state of Ohio.  The citizenship of this entity would not destroy diversity.  However, as set forth below, the "Progressive Insurance Company" and/or "The Progressive Corporation" has/have been fraudulently joined, so its/their citizenship is in any event irrelevant.

20.    Plaintiffs' joinder of the Other Defendants, to the extent the presence of any one or more of them would destroy diversity, does not deprive this Court of subject matter jurisdiction because no cause of action has been or can be asserted against the Other Defendants on the allegations of the Petition, and they have been fraudulently joined.  *See generally Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction.") (citation omitted); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1278-81 (N.D. Okla. 2006) (Payne, J.) (finding insurance agents fraudulently joined, noting: "Many—if not all—of the claims made against the non-diverse Defendants here are facially inapposite because Plaintiffs cannot establish the necessary elements.  In the complaint, the plaintiff must make at least minimal factual allegations, either direct or inferential, as to every material element of the claim.") (citation omitted).

---

³ *See generally* https://en.wikipedia.org/wiki/Progressive_Corporation ("The Progressive Corporation is an American insurance company, one of the largest providers of car insurance in America… Progressive was founded in 1937 by Joseph Lewis and Jack Green as Progressive Insurance Company.")

21. There is no possibility of recovery against any of the Other Defendants, even under a liberal interpretation of the facts and law. The Petition makes out a contractual dispute wherein Plaintiffs suffered a bodily injury that he believes and alleges is covered by the UM/UIM provisions of an insurance policy issued by United States Fire Insurance Company. (Exs. 1-2.) Plaintiff and USFIC are proper parties and are diverse. As to certain Other Defendants, the Petition states: "Crum and Forster is part of Fairfax Financial Holding Limited, and is comprised of United States Fire Insurance Company, Crum & Forster Insurance Company, and Crum and Forster Indemnity Company." (Ex. 1, pp. 1-2.) Being a "part" of something or "comprised" of something is axiomatically not a tort, nor a breach of contract, nor any other legal cause of action creating the possibility of recovery against "Crum and Forster" (referenced in the body of the Petition), nor the first listed "Crum & Forster Insurance Group" defendant (referenced in the caption), nor the second listed "Crum & Forster Insurance Group" defendant (referenced in the caption), nor Crum & Forster Insurance Group, Inc. (referenced in the body of the Petition), nor Crum & Forster Indemnity Company, nor Fairfax Financial Holding Limited (referenced in the body of the Petition), nor Fairfax Financial Holdings, Limited (referenced in the caption).[4] As to certain Other Defendants, the Petition states: "The [USFIC] Policy was sold, marketed, or administered through the Redlands Group and/or Marketers…" An insurance broker or insurance agent, however, is not a party to the insurance contract. *Wathor v. Mut. Assur. Adm'rs, Inc.*, 2004 OK 2, ¶ 8, 87 P.3d 559, 562. Simply being an agent (or "seller"

---

[4] Although it is *apropos* of little, USFIC denies these allegations are accurate.

or "marketer" or "administrator") is not a tort, nor a breach of contract, nor any other legal cause of action creating the possibility of recovery against Redlands Group, the Redlands Group, Inc., and/or Marketers.  As to certain Other Defendants, the Petition states: "That the plaintiff may have been covered under a policy of insurance with uninsured motorist coverage under written [sic] by the defendants' Progressive Corporation and/or Progressive Insurance Company; and as a result may be entitled to obtain his damages from said uninsured motorist coverage if such exists." (Ex. 1, p. 2.)  But the attached policy speaks plainly: it is a contract between USFIC and Plaintiff's former employer under which Plaintiff seeks UM benefits.  (Ex. 2.)  Progressive Corporation and/or Progressive Insurance Company are not mentioned in the contract. The plaintiff here has not made "at least minimal factual allegations, either direct or inferential, as to every material element of" any claim that, even though the contract states the policy is issued by USFIC, somehow or another actually Progressive Insurance Company or Progressive Corporation are the insurer or are parties to the contract or "may" provide coverage.

22.     Even, though, if the Court does not agree that certain of the Other Defendants have been fraudulently joined, it is solely the joinder of Marketers that would defeat diversity.  So long as Marketers has been fraudulently joined, which it has been, jurisdiction in this Court is proper.  "The joinder of a resident defendant against whom no cause of action is stated is patent sham..." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

* * *

WHEREFORE, USFIC respectfully requests that this action now pending against it in the District Court of Oklahoma County, Oklahoma, be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed upon the docket of this Court for further proceedings, the same as though this action was originally instituted in this Court.

Dated this 11th day of June, 2020.

Respectfully submitted,

 s/ John C. Lennon
Peter L. Wheeler, OBA No. 10531
John C. Lennon, OBA No. 30149
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
(405) 235-1611 (t)
(405) 235-2904 (f)
pwheeler@piercecouch.com
jlennon@piercecouch.com

*Attorneys for Defendant USFIC*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 11th day of June, 2020, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

 Mark Shores
 Post Office Box 2955
 Oklahoma City, OK  73101
 *Attorney for Plaintiff*

I further certify that a true and correct copy of this Notice of Removal was mailed to Rick Warren, Oklahoma County Court Clerk, 320 Robert S. Kerr Avenue, Room 409, Oklahoma City, Oklahoma 73102.

             s/ John C. Lennon
            John C. Lennon